UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TENA WILLIAMS**<br>    Plaintiff<br><br>v.<br><br>**CREDIT CONTROL, LLC**<br>    Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br><br><br><br><br><br><br>MARCH 26, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. The plaintiff, Tena Williams, is a natural person residing in South Windsor, CT.

3. Defendant Credit Control, LLC ("Credit Control") is a Missouri corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Credit Control because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff owed a personal credit card related debt to Bank of America.

8. Bank of America subsequently assigned the debt to Credit Control for collection purposes.

9. On or around February 5, 2010, a Credit Control representative named David Miller called Plaintiff's workplace and spoke with Plaintiff, and during that conversation, David Miller told Plaintiff that she owed Bank of America a debt and that Credit Control was going to pursue getting a judgment against her with respect to the debt.

10. Plaintiff called David Miller back that same day and requested that Credit Control not call her at work because she could not take personal calls at work, and she provided him with her attorney's name and phone number.

11. David Miller then asked Plaintiff if she was filing for bankruptcy, and he asked her for the spelling of her attorney's last name.

12. Plaintiff again provided David Miller with her attorney's name and phone number, and David Miller responded by asking Plaintiff to call him back with the exact spelling of her attorney's last name.

13. On or around February 11, 2009, a Credit Control representative named Christine Klum called Plaintiff's workplace and left a message for Plaintiff.

2

## V. <u>CAUSE OF ACTION</u>

### Fair Debt Collection Practices Act

14. Plaintiff incorporates Paragraphs 1-13.

15. Credit Control violated the FDCPA by continuing to call Plaintiff at work when it knew or should have known that such calls were inconvenient to Plaintiff, by continuing to call Plaintiff notwithstanding Plaintiff had already provided them with her attorney's contact information, by misrepresenting to Plaintiff that Credit Control was about to pursue getting a judgment against Plaintiff with respect to the debt, by inquiring into Plaintiff's bankruptcy after Plaintiff had provided them with her attorney's contact information, and by leaving a message with a third party.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

PLAINTIFF, TENA WILLIAMS

By: /s/

Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax (860) 571-7457